STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-454


JUDY CLARK

VERSUS

CIRCLE K STORES, INC.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-2709
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and D. Kent Savoie, Judges.


REVERSED AND REMANDED.

**Ryan J. Roemershauser**
**Jade A. Forouzanfar**
**Blue Williams, L.L.P.**
**3421 North Causeway Boulevard, Suite 900**
**Metairie, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Circle K Stores, Inc.**

**Melissa Shaw-Brown**
**Erin McCall Alley**
**Baggett, McCall, Burgess, Watson & Gaughan, L.L.C.**
**3006 Country Club Road**
**P.O. Drawer 7820**
**Lake Charles, LA 70606-7820**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Judy Clark**

**SAUNDERS, Judge.**

This is a case involving a slip and fall at a convenience store. The merchant was granted a summary judgment under a finding of the trial court that the patron could not prove the elements under La.R.S. 9:2800.6 at trial. This appeal follows.

**FACTUAL AND PROCEDURAL HISTORY:**

Plaintiff/Appellant, Judy Clark, was a customer at the Circle K store located at 4501 S. Highway 27 in Sulphur, Louisiana on October 20, 2014. After exchanging a "Good Morning" with a Circle K employee, Clark went to get a fountain drink. As she approached the fountain drinks, she slipped, fell, and allegedly injured herself.

Prior to the slip and fall, Mr. Adam McCoy and Mr. Robert Cummings entered the store as customers. Mr. Cummings filled his 44-ounce cup then proceeded to spill the drink onto the floor accidentally. Mr. McCoy, the husband of a Circle K employee who was not working at that time, went to grab a mop. According to Mr. McCoy, he yelled out generally that someone had spilled, and he thought that the employee had heard his declaration. Video evidence indicated that 11 seconds transpired between the spill and Clark's slip and fall.

On July 9, 2015, Clark filed suit against Circle K Stores, Inc. (Circle K). She alleged injuries to her neck, back, right shoulder, right elbow, and headaches. After discovery inclusive of depositions and exchange of the video of the incident, Circle K filed a motion for summary judgment on the matter. The trial court heard arguments on November 28, 2017, and granted Circle K's motion.

It is from this judgment that Clark presents two assignments of error.

**ASSIGNMENT OF ERROR NUMBERS ONE AND TWO:**

Clark's first assignment of error is that the trial court erred in granting Circle K's Motion for Summary Judgment on the issue of notice because she met her burden by offering evidence of actual notice on the part of Circle K. In her second

assignment of error, Clark asserts that the trial court erred in considering reasonable care as it is a factual determination not proper for summary judgment. It was not an issue brought forth in Defendant's Motion for Summary Judgment, and ultimately Plaintiff/Appellant offered evidence that Circle K failed to use reasonable care, thereby precluding summary judgment.

Appellate courts review summary judgments de novo, under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. As such, both assignments of error require a de novo review wherein we give no weight to the trial court's finding. Thus, we will simply look to whether the trial court's grant of summary judgment in this case was appropriate.

Louisiana Revised Statutes 9:2800.6(B) states:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Louisiana Revised Statues 9:2800.6(C)(1) states:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that

the employee knew, or in the exercise of reasonable care should have known, of the condition.

In the case before us, Clark must show that she could prove the elements of La.R.S. 9:2800.6 at trial. The first element is that "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable." "In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair." *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p. 5 (La. 3/4/98), 708 So.2d 362, 365.

Here, we are faced with a spilled liquid on a floor. The gravity of the harm is great as a slip and fall can cause great bodily damage to a customer. The risk of harm is great as a customer would not reasonably expect a slippery substance to be present on the floor as his or her attention is directed to items for sale in the store. There is no social utility to a spilled liquid on a merchant's store, and the cost and feasibility to repair is as minimal as supplying a mop and bucket. As such, we find that the evidence in the record is such that Ms. Clark can prove at trial that a slippery substance on a Circle K's presents an unreasonable risk of harm.

Next, Ms. Clark must show that Circle K "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La.R.S. 2800.6(C)(2). There is no evidence that Circle K created the condition. Thus, Ms. Clark must present evidence that Circle K had actual or constructive knowledge of the condition. Here, Adam McCoy, a customer, witnessed his friend spill the drink that created the risk of harm. Mr. McCoy was the husband of a Circle K employee who was not working at that time. As to informing a Circle K employee, he testified to the following:

3

Q     But do you remember calling out a warning to somebody?

A     Yeah, just a shout out. I didn't look, I just hollered, you know.

Q     Okay.

A     I said, "Hey you made a mess."

Q     Do you remember if there was an employee kind of out there on the floor?

A     Yeah, somebody was there. I remember somebody came. I really don't remember who it was though.

Q     Now, you shout out the warning and then you go to mop?

A     Yes.

. . . .

Q     Okay. So even though you just kind of shouted out to the general floor, you felt like you heard a cashier respond back, that they recognized that there was a spill on the floor?

A     Yes.

This testimony provides evidence that Ms. Clark can prove at trial that Circle K had actual notice of the spilled substance prior to her fall. It is clear from Mr. McCoy's testimony that one could reasonably find that Circle K had actual notice of the hazardous condition prior to Ms. Clark's slip and fall.

Circle K points out that a mere 11 seconds transpired between the spill and Ms. Clark's fall according to video evidence. We find this fact irrelevant when determining whether Ms. Clark could prove that Circle K had *actual* notice of the hazardous condition. There is no temporal element to a showing of actual notice of the hazardous condition. Such a temporal element is only relevant relative to notice when adjudicating whether a merchant has *constructive* notice under La.R.S. 9:2800.6.

Third, Clark must show that she can prove at trial that Circle K "failed to exercise reasonable care." In discussing this element of a claim under La.R.S.

4

9:2800.6, this court has determined that a merchant has a duty to "warn persons of known dangers." *Dotson v. Brookshire Grocery Co.*, 04-83, p. 2 (La.App. 3 Cir. 5/12/04), 872 So.2d 1283, 1285, (quoting *Jones v. Brookshire Grocery Co.*, 37,117, pp. 8 (La.App. 2 Cir. 5/14/03), 847 So.2d 43, 49). Here, Clark has presented evidence that Circle K had actual knowledge of the unreasonable risk of harm and failed to warn her of its presence. Thus, a trier of fact could reasonably find that Circle K breached its duty to Ms. Clark. As such, summary judgment was not appropriate in this case.

**CONCLUSION:**

Judy Clark raises two assignments of error. Both assignments allege it was improper for the trial court to grant Circle K Stores, Inc.'s motion for summary judgment.

Judy Clark provided evidence that she could prove at trial that the substance that caused her slip and fall constituted an unreasonable risk of harm, that Circle K Stores, Inc. had actual knowledge of its presence, and that Circle K Stores, Inc. failed to warn her of a known danger. As such, we reverse the trial court's dismissal of Judy Clark's claim against Circle K Stores, Inc. via summary judgment and remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed to Circle K Stores, Inc.

**REVERSED AND REMANDED.**